UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | ) Criminal No. 02-0007 (ESH)<br>) |
| TERRENCE J. PRESIDENT, | )<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION

Before the Court is defendant's motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence of imprisonment from 84 months to 70 months. (Mot. to Reduce Sentence, Oct. 2, 2012 [ECF No. 40].) The government opposes any reduction. (Opp. at 1, Nov. 6, 2012 [ECF No. 60].)

Under 18 U.S.C. § 3582(c)(2), the Court is authorized to reduce a term of imprisonment imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable" and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Here, it is undisputed that defendant is eligible for a sentence modification because he is presently serving a sentence of 84 months imprisonment based on a sentencing range of 84-105

months,[1] while under the current guidelines his sentencing range would be 70-87 months. Defendant asks the Court to reduce his sentence to 70 months, the bottom of his new guideline range, based on several factors: the continuing crack-cocaine disparity, his 120-month consecutive sentence from the D.C. Superior Court, his participation in Bureau of Prisons programs "to become more productive," and his health problems. (Mot. at 5.) The government argues that no further reduction is appropriate because defendant's sentence is already within the applicable guideline range, the nature of his offense, his conduct while on release prior to his initial sentencing and his recent disciplinary infraction for possession of a weapon. (Opp. at 6.)

Having considered the parties' arguments, the factors set forth in § 3553(a), and § 1B1.10 of the Guidelines,[2] the Court concludes that a reduction to 77 months is appropriate. Accordingly, for the reasons stated above, defendant's sentence of imprisonment will be reduced to 77 months.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: January 14, 2013

---

[1] The details of defendant's conviction and first sentence reduction are set forth in an earlier memorandum opinion and order and will not be repeated here. (*See* Mem. Op. & Order, June 23, 2010 [ECF No. 51].)

[2] The commentary to section 1B1.10 provides that in addition to the § 3553(a) factors, the Court "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment" in determining "whether a reduction is the defendant's term of imprisonment is warranted" and "the extent of such reduction." U.S.S.G. § 1B1.10, Application Note 1(B).